# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| JOHN BAKER, | ) |
|     Plaintiff, | ) |
|         v. | ) CAUSE NO: 4:09-CV-32-AS-PRC |
| RGB USA, INC. and JOSEPH WELCH, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On March 17, 2009, Plaintiff John Baker ("Baker") filed a Complaint in Tippecanoe Superior Court which was removed by Defendants on April 14, 2009 on the basis of diversity. The Complaint alleges the wrongful death of Katherine Baker pursuant to I.C. 34-23-2-1 and negligent entrustment of a leased motor vehicle against joint venturers, RGB USA, Inc. and its employee Joseph Welch (collectively "Defendants"). Baker also makes a claim for punitive damages in Count II of the Complaint, which is the subject of the Defendants' Motions to Dismiss (Doc. Nos. 13 and 16) now before the Court. Defendants argue that Baker's punitive damages claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because such damages are not available in a claim for the wrongful death of a child.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-70 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not

akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. *See also Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (reasoning that a complaint must allege facts to state a claim to relief that is plausible on its face) (citing *Bell Atl. Corp.*, 550 U.S. at 544).

In assessing the propriety of a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *Jackson v. E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). But the court admits only allegations of fact, and is not required to accept legal conclusions. *Fries v. Helsper,* 146 F.3d 452, 456 (7th Cir. 1998). After identifying the allegations that are entitled to the presumption of truth, the court next determines if those factual allegations plausibly suggest an entitlement to relief. *Ashcroft*, 129 S. Ct. at 1951.

## DISCUSSION

Defendants' position is that in an action for wrongful death under I.C. 34-23-2-1 (or any other Indiana statute), punitive damages are not recoverable.

Plaintiff requests certification of this issue to the Indiana Supreme Court pursuant to Ind. Appellate Rule 64. Plaintiff argues that the prohibition of punitive damages in wrongful death cases does shipwreck justice by removing a significant deterrent to drunk driving.

While not insensitive to the tragic death involved in this case, the law is clear that punitive damages cannot be awarded in a wrongful death case. *Forte v. Connerwood Healthcare, Inc*., 745 N.E.2d 796, 800 (Ind. 2001) (concluding "that even if the common law allowed punitive damages

in an action for the wrongful death of a child, our legislature has exercised its prerogative to change the common law by 'unmistakable implication.'") (citation omitted); *Durham v. U-Haul International*, 745 N.E.2d 755, 763-64 (Ind. 2001) (stating "If the legislature disagrees with this longstanding interpretation of the statute, it can correct it. In the meantime, despite any resulting unfairness, punitive damages are not recoverable under the wrongful death statute . . . Barring punitive damages in the case of a wrongful death is consistent with the goal of the wrongful death statute, which is to compensate survivors of the wrongful death victim rather than to punish defendants."); *Andes v. Hawkins*, 489 N.E.2d 78 (Ind.Ct.App. 1986).

Because there is clear controlling Indiana precedent on this issue, certification is not proper. *See* Ind. Appellate Rule 64.

## CONCLUSION

Accordingly, this Court **GRANTS** RGB USA, Inc.'s Motion to Dismiss (Doc. No. 13) and **GRANTS** Joseph Welch's Motion to Dismiss (Doc. No. 16), and **DENIES** Plaintiff John Baker's request to certify the issue. Plaintiff's claim for punitive damages as alleged in Count II of the Complaint is **DISMISSED**. Each party to bear its own costs.

**SO ORDERED.**

**DATED: June 26, 2009**

          /s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**